### WASHBURNE v. PINTSCH and others.

*(Circuit Court, S. D. New York. June 6, 1883.)*

1. AGENCY—PROMISE OF COMPENSATION—MORAL OBLIGATION.
   Where the owner of property is induced to believe that another, who has been trying to sell such property on speculation for his own benefit alone, was clearly acting as his agent in the matter, and that he is under a moral obligation to compensate him for his trouble, promises to do so, such promise is without color of consideration and void.

2. INSTRUCTION TO FIND FOR DEFENDANT.
   Where, if the case had been left to the jury and a verdict had been found for the plaintiff, it would have been the duty of the court to set it aside as contrary to the evidence, it was correct to instruct them to find for the defendant.

At Law.

*Armstrong & Briggs*, for plaintiffs.

*Salomon & Dulon*, for defendants.

WALLACE, J. The correspondence between Schoenrock and Pichon shows conclusively that when the interviews between the former and

the defendants took place at Berlin, the defendants were under no legal or moral obligations to Schoenrock to compensate him for his services regarding the sale of their patents. He had been trying to make a profit as a speculator out of their property by selling the patents to a syndicate, and found failure at hand unless he could induce the defendants to recognize him as their agent. He induced the defendants to believe that his efforts had been prompted by the assurance of their agent at London, Mr. Pichon, that he should receive a commission for his services, and that, acting upon these assurances, he had interested the New York syndicate in the purchase of the patents. In the interviews at Berlin the defendants, according to his testimony,- promised to allow him a commission in case the syndicate should buy the patents. This promise was made upon a misconception of the relations Schoenrock sustained to them in the transaction. The letter of the defendants to Mr. Blanchard, of June 3, 1879, is consistent with this theory. If he had really been acting for them the question would be presented whether their promise in recognition of his services could not be enforced, notwithstanding he had no legal claim against them for commissions at the time. But as he had been acting for himself instead, their promise, made upon the assumption that they were under a moral or equitable obligation to him, was without color of consideration.

If the case had been left to the jury and a verdict had been found for the plaintiff, it would have been the duty of the court to set it aside as contrary to the evidence. It was, therefore, correct to instruct them to find for the defendant.

The motion for a new trial is denied.